**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHIRLEY M. SCOTT,**

        **Plaintiff,**

-vs-                                        **Case No. 6:10-cv-1244-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

## MEMORANDUM OF DECISION

Shirley M. Scott (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed because the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given and the reasons therefor to the opinion of consultative examining psychologist Rosimeri Clements; 2) substituting his own opinion regarding Claimant's limitations for those of the non-examining physicians; 3) posing a hypothetical question to the vocational expert (the "VE") which does not include all of Claimant's limitations; and 4) failing to provide specific reasons for finding Claimant's testimony not credible. Doc. No. 18 at 1-15. Claimant seeks reversal for an award of benefits or, in the alternative, remand for further proceedings. Doc. No. 18 at 15. For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the ALJ erred **by failing to state with particularity the weight given, and the reasons therefor, to the opinion of Dr. Clements.**

## I. BACKGROUND.

The record contains medical opinions from the following physicians and psychologists: 1) Dr. Rosimeri Clements' October 20, 2008 consultative examining medical opinion; 2) Dr. Theodore Weber's November 4, 2008 non-examining Mental Residual Functional Capacity Assessment ("RFC") and Psychiatric Review Technique; 3) Dr. Bruce Hertz's February 6, 2009 non-examining Mental RFC and Psychiatric Review Technique; and 4) Dr. Glenn Bigsby's February 6, 2009 non-examining Physical RFC. R. 220-24, 226-42, 281-88, 289-305. Thus, the record contains only one medical opinion from a treating or examining source, Dr. Clements. R. 220-24.

Dr. Clements' evaluation provides that Claimant was diagnosed with paranoid schizophrenia when she was twenty-years old, depressive symptoms began in 1979 and, despite current medications, Claimant's current symptoms include: "paranoid thought, such as thinking that people are out to get her or talking about her"; "feelings of worthlessness, guilt, fatigue every day, psychomotor retardation . . ., difficulties bathing or brushing her teeth for days because she does not care, loss of interest in activities, difficulty concentrating . . ., and frequent agitation, such as pacing behavior." R. 220. Suicidal ideation was denied. R. 220. Claimant's current medications include: Lamictal, Lisinopril, Potassium Chloride, HCTZ, Atenolol, Albuterol Sulfate, Ovar, Prilosec, and Seroquel. R. 222. Claimant stated that the medications are "somewhat effective." R. 222.

During the examination, Claimant was appropriately dressed with good basic functioning and hygiene. R. 223. Claimant displayed no fine motor shakes or tremors, and rapport was easily established. R. 223. Claimant was alert and orientated with no symptoms of psychosis.

R. 223. Other than only being able to recall 1 out of 3 words after five minutes, Claimant displayed no evidence of short-term or long-term memory impairment. R. 223. Dr. Clements opined that Claimant's memory difficulties regarding this task were likely due to her difficulties in concentration. R. 223. Dr. Clements stated that although Claimant appeared tearful at one point and somewhat anxious, Claimant appeared in no acute mental distress. R. 223. Dr. Clements opined that Claimant is able to handle funds adequately, but Claimant is not able to initiate or maintain friendships. R. 223. Dr. Clements further opined that Claimant's activities of daily living "are not adequate," but Claimant "was cooperative and appeared to put forth her best effort," on the examination." R. 223.

Based on her examination, Dr. Clements diagnosed Claimant with: Mood Disorder, not otherwise specified, Cocaine Dependence, in full alcohol dependence, in full remission, and nicotine dependence. R. 224. Dr. Clements assigned a Global Assessment of Functioning ("GAF") score of 41. R. 224.[1] Dr. Clements opined that:

> <u>Her prognosis is poor. She evidences significant occupational and social difficulties.</u> She has never maintained a job for an extended period of time. She evidences depressive features that cause her significant impairment, but she also reports anger and agitated symptoms that are not captured by a Major Depressive Disorder. She meets criteria for a Mood Disorder, Not Otherwise Specified. She is also highly suspicious of others and worries that others may be out to get her. She recognizes that these are not always accurate assumptions. Although she does not meet criteria for an Anxiety Disorder, she appears to have some anxious features as a result of encountering many stressors in her life and having been to prison recently, and she appears weary and distrustful of others. The evaluator recommends the following: The [C]laimant would benefit from continued psychiatric care to help monitor and treat her depressive symptoms. The [C]laimant may also benefit from therapeutic services to help her cope with her symptoms and

---

[1] A GAF score of 41 reflects a serious impairment in social, occupational, or school functioning. Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders (4th Ed. 2000).

improve her coping skills.

R. 223-24 (emphasis added). Thus, Dr. Clements' opined that Claimant's Mood Disorder causes "significant occupational and social difficulties" and her "prognosis is poor." R. 223-24.

Drs. Weber and Hertz, the non-examining psychologists, opined that Claimant's impairments cause moderate limitations in activities of daily living, social functioning, and in maintaining concentration, persistence, or pace. R. 240, 299. Dr. Bigsby, a non-examining physician, opined that Claimant is capable of performing medium work. R. 281-88.

On January 12, 2010, the ALJ issued a decision finding Claimant not disabled. R. 8-18. At step-two, the ALJ found that Claimant suffers from a severe impairment of bipolar disorder. R. 10. The ALJ determined that Claimant retains the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: she would be limited to simple, repetitive tasks and only occasional interaction with others. R. 11. The ALJ thoroughly described Dr. Clements' consultative examination, including her opinion that Claimant's prognosis is poor and her impairments cause "[s]ignificant occupational and social difficulties." R. 14. Nevertheless, the ALJ does not state what weight, if any, the ALJ gave to Dr. Clements' opinion and the reasons therefor. R. 14-16.

Regarding Drs. Weber and Hertz, the ALJ states that their opinions are given "[g]reat weight" because of their consistency with the record as a whole. R. 16. The ALJ rejects Dr. Bigsby's opinion that Claimant is limited to medium work because "it is not related to any medically determinable impairment." R. 16. Thus, the ALJ finds that "[d]espite the [C]laimant's allegations of significant limitations, her treatment during the period at issue has been conservative and mental status examinations have not shown findings indication [sic] of

greater limitations than those assessed by [Drs. Weber and Hertz]."

## II. <u>ANALYSIS</u>.

As set forth above, Claimant raises numerous issues on appeal. *See* Doc. No. 21 at 1-24. However, the Court finds that the first issue raised by Claimant, whether the ALJ erred by failing to state with particularity the weight given, and the reasons therefor, to the opinion of Dr. Clements is dispositive of the case. The Commissioner acknowledges that the ALJ did not state the weight given to Dr. Clements' opinion, but argues that the ALJ's error is harmless because the ALJ's RFC is not inconsistent with Dr. Clements' opinion. Doc. No. 19 at 7.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that <u>whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor</u>. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]<u>n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence</u>.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)).

*See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In *Winschel*, the Commissioner argued that the ALJ did not err by failing to state the weight he gave to a treating physician's treatment notes and the reasons therefor because they did not constitute an "opinion." *Id*. at 1178-79. The Eleventh Circuit disagreed because the treatment notes contained "a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a 'statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winschel's] physical or mental restrictions.'" *Id*. (quoting 20 CFR §§ 404.1527(a)(2), 416.927(a)(2)). Thus, the treating physician's treatment notes constituted an opinion. *Id*. The Eleventh Circuit noted that the ALJ only referenced the treating physician once and did not state the weight given to the treating physician's opinion. *Id*. The Eleventh Circuit reversed stating that "[i]t is possible that the ALJ considered and rejected these . . . medical opinions, but <u>without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence</u>." *Id*. (emphasis added).

In this case, it is undisputed that the ALJ did not state the weight given Dr. Clements' opinion. Doc. Nos. 18 at 8-9; 19 at 7. While the ALJ thoroughly discussed the examination and opinion, the ALJ failed to state the weight he gave to Dr. Clements' opinions that Claimant's had

"significant occupational and social difficulties," and a poor prognosis. R. 223. As set forth above, the ALJ was required to state with particularity the weight given to Dr. Clements' opinion and the reasons therefor. *Winschel,* 631 F.3d at 1178-79; *see also Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ's failure to do so constitutes reversible error. *Id.*[2]

The Commissioner maintains that the ALJ's error is harmless because Dr. Clements' opinion is not inconsistent with the ALJ's RFC. Doc. No. 19 at 7-8. In support of the ALJ's RFC finding, the ALJ states that the record does not support Claimant's allegations of <u>significant limitations</u> resulting from her mental impairments. R. 16. However, Dr. Clements' opinion clearly states that Claimant's impairments cause "<u>significant occupational and social difficulties</u>." R. 223 (emphasis added). Thus, Dr. Clements' opinion is not clearly consistent with the ALJ's RFC. As the Eleventh Circuit has held, while the ALJ may have found Dr. Clements' opinion consistent with her RFC or rejected Dr. Clements' opinion, "<u>without clearly articulated grounds for such [a finding], we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence</u>." *Winshcel*, 631 F.3d at 1178-79 (emphasis added). Thus, the Court finds that the ALJ's error is not harmless.

The Claimant requests that the Court reverse and award Claimant benefits. Doc. No. 18 at 15. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Therefore, because the ALJ failed to state with particularity the weight given to Dr. Clements' opinion and the reasons therefore, and the ALJ relied instead almost exclusively on the opinions of non-examining physicians, it is impossible for the Court to

---

[2] Accordingly, it is unnecessary to address the other issues raised by Claimant.

determine whether the final decision is supported by substantial evidence. Furthermore, the record evidence in this case does not establish beyond that Claimant is disabled beyond any doubt. Accordingly, the Court finds that a remand for further proceedings is appropriate.[3]

**III. CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on March 13, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida      33602

---

[3] On remand the Commissioner should have Claimant examined by another consultative psychologist or psychiatrist, who is instructed to offer opinions regarding the specific functional limitations, if any, resulting from Claimant's impairments. The only evidence in the current record regarding Claimant's functional limitations are the opinions of the non-examining psychologists. The opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable Deborah A. Arnold
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc. Suite 300
3505 Lake Lynda Dr
Orlando, FL 32817-9801